United States District Court
Southern District of Indiana
Indianapolis Division

Burton Florence, )
Plaintiff )
)
) No.
)
) 1:20-cv-01429-SEB-MPB
)
Wexford of Indiana, LLC; et. al.; )
Defendants )

**FILED**
4:22 pm, May 18, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## Complaint Civil Action 42 U.S.C. Section 1983

### Jurisdiction & Venue

1) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States. This Court has the jurisdiction under 28 U.S.C. Sections 1331, 1343(a)(3), & 1367. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201, & 2202.

2) The Southern District of Indiana, Indianapolis Division is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

### Plaintiff

3) Plaintiff Burton Florence is a prisoner of the State of Indiana in custody of the Indiana Department of Corrections. He is currently confined in the New Castle Correctional Facility in New Castle, Indiana, 47362. Herein giving rise to the events described in this complaint while in the custody & care of the New Castle Correctional Facility & Wexford of Indiana, LLC.

### Defendants

4) Wexford of Indiana, LLC. Address is: Corporate Office (suite 120) · 9245 North Meridian Street · Indianapolis, Indiana 46260.

Each Defendant is sued individually & his or her's official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law & United States Laws.

1

## Facts

5) On 9/13/16 I was transferred from the Pendleton Correctional Facility (ISP) to the New Castle Correctional Facility (hereafter N.C.C.F.) with a medical condition status of a "chronic care" for ulcers in the digestive track Wexford became aware of upon initial intake into their care.

6) Treatment included: oral medication, regular chronic care visits with facility's Dr.s, & regularly ordered blood-test (to monitor & prevent prolonged internal bleeding caused by the ulcers) which Wexford initially ordered & complied with.

7) On 3/7/19, approximately midnight, I attempted to go to the dormatory's restroom from my bed, but when I stood I was rendered unconscious. I ultimately was rushed to the emergency room at Ball Memorial Hospital in Muncie, IN.

8) There test revealed that I was rendered unconscious due to "prolonged internal bleeding caused by ulcers in my digestive track." A biopsy revealed the ulcers were being caused by a bacterial infection called: H. Pylori.

9) I remained hospitalized on I.C.U., recieving intravenous treatment for the H. Pylori, from 3/7/19 - 3/10/19.

10) Upon release on 3/10/19 the release instructions of Ball Memorial ordered: A) to continue H. Pylori treatment with oral medications (4), & B) upon completion of oral medications, be returned back to Ball Memorial Hospital for a follow-up visit (to conclude the H. Pylori had been killed or if more treatment would be required.

11) Between June - July 2019 I sent several healthcare request inquiring about my ordered followup visit, as well as complained about still experiencing blood in my stool. No response was ever given for the follow-up visit subject, & was told the blood in my stool was hemorrhoids without ever examining me.

12) After being denied a response for the follow-up denial, & the hemorrhoid diagnosis, I then initiated the grievance/administrative remedy, which was denied & made final on 9/25/19 by I. Randolph (Final Reviewing Authority) still without ever making reference to the follow-up issue (case log #108507)

13) On 11/14/19 a "notice of tort" was sent to the Tort Claims Administrator & Wexford of Indiana, LLC. Upon this action Wexford ordered a H. Pylori test for me on 11/22/19.

14) On 12/9/19, the notice of tort was denied by IDOC against GEO, but was forwarded to Wexford (case # NCF-162-2019)

15) Between January - April 17, 2020 I made several attempts to learn the results of the 11/22/19 H. Pylori test, prior to initiating this complaint, even writing a letter to Garcia Laboratory who analyzed my blood-test, but no response was ever given until my face to face chronic care visit with Dr. Falconer of Wexford (who actually ordered the 11/22/19 H. Pylori test) on 4/17/20 revealed I was still "positive for H. Pylori", & thereby denied/delayed the necessary treatment for my serious medical need from 5/10/19 - 4/20/20 in violation of the 8th Amendment

2

16) Wexford knew of & disregarded the excessive risk of H.Pylori going untreated because I was rendered unconscious & rushed to the emergency room as a result of their failure to act on the blood-test they ordered, which results flagged abnormal levels that indicated I was bleeding internally.

17) Ball Memorial ordering a follow-up within the release instructions show a obvious concern of the treatment being ineffective, which Wexford failing to follow the orders of Ball Memorial has subjected me to internal harm that we know had caused: ulcers, internal bleeding, & unconsciousness & was allowed to go untreated for a year beyond the stage just mentioned.

18) In the support of this complaint I have attached the following: a copy of the initial grievance, a copy of the grievance process becoming final, & a copy of the notice of tort denial.

## Exhaustion of Remedies

19) Plaintiff, Burton Florence, reallege & incorporate by reference paragraph(s) 18

20) The defendants constituted a Cruel & Unusual Punishment & Suffering violation under the United States Constitution acting under the color of law.

21) Burton Florence, plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been & will continued to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory & injunctive relief which plaintiff seeks.

## Prayer for Relief

22) Wherefore, plaintiff respectfully prays that this court enter judgment granting plaintiff;

23) A declaration that the acts & omissions described herein & Plaintiff's declaration violated plaintiff's rights under the Constitution & laws of the United States;

24) Compensatory damages in the amount of $175,000 against each defendant, jointly & severly;

25) Punitive damages in the amount of up to $120,000 against each defendant for each event involved;

26) A jury trial on all issues triable by jury;

27) Plaintiff's cost in this suit;

28) Any additional relief this court deems just, proper, & equitable.

Respectfully Submitted,

Dated: 5/1/20

Burton Florence #973731
Plaintiff, pro se, prisoner
P.O. Box A (BH-116)
New Castle, IN 47362

## Verification

I have read the foregoing complaint & hereby verify that the matters alleged therein are true to the best of my recollection, except as to matters alleged on information & belief, & as to these, I believe them to be true. I certify under penalty of perjury that the foregoing is true & correct.

Executed at the New Castle Correctional Facility. New Castle, IN. on May 1, 2020

Burton Florence

Burton Florence #973731
New Castle Correctional Facility
P.O. Box A (B4-116)
New Castle, IN 47362-1041

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Burton Florence,
Plaintiff,

v.

Wexford of Indiana, LLC, et. al.,
Defendants.

No. 1:20-cv-01429-SEB-MPB

## CERTIFICATE OF AUTHENTICITY

I hereby declare under the penalty of perjury that the foregoing attached documents herewith are true and identical copies of authentic documents.

I hereby submit and enter these documents in support of the motion aforementioned herewith.

DATE 5/1/20

Respectfully submitted,

_____
Affiant

(PRINTED NAME) Burton Florence

D.O.C. # 973731
New Castle Correctional Facility
P.O. Box A
New Castle, IN 47362-1041