UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BURTON FLORENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01429-SEB-MPB |
| | ) | |
| WEXFORD OF INDIANA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING THE AMENDED COMPLAINT,
DISMISSING DEFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Burton Florence, an inmate at New Castle Correctional Facility ("NCCF"), brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. Because Mr. Florence is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The amended complaint names the following defendants: Wexford of Indiana, LLC ("Wexford"), Dr. Kenneth Robertson, Dr. Bruce Ippel, and Dr. Mark Cabrera. Mr. Florence is seeking compensatory and punitive damages and declaratory relief.

According to the amended complaint, Mr. Florence has suffered for years from a bacterial infection, *H. pylori*, which has caused ulcers and internal bleeding in his gastrointestinal tract. He alleges that each of the defendants has been deliberately indifferent to this condition, thereby prolonging his illness.

Dr. Robertson allegedly ignored blood tests taken in May 2018 that indicated Mr. Florence was experiencing internal bleeding. After the internal bleeding went untreated for approximately 10 months, Mr. Florence lost consciousness on March 7, 2019, and was taken to an outside hospital for emergency treatment. Medical staff at the hospital diagnosed Mr. Florence with *H. pylori* and provided him with intravenous treatment. They released him on March 10, 2019, with instructions to take oral medication and return for a follow-up appointment upon completion of the oral medication. Mr. Florence was not taken for a follow-up appointment despite numerous requests.

Dr. Ippel allegedly ignored blood tests taken on April 3, 2019, indicating that Mr. Florence's *H. pylori* infection had not been fully eliminated. Dr. Cabrera allegedly ignored blood tests take on April 30, 2019, indicating that Mr. Florence's *H. pylori* infection had not been fully eliminated. Throughout that time, Mr. Florence continued to experience symptoms consistent with internal bleeding.

2

Wexford allegedly maintains a policy that does not identify *H. pylori* infection as a serious medical condition. This policy allegedly contributed to Mr. Florence's lack of medical care.

### III.
### DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

Based on the screening standard set forth above, Mr. Florence's Eighth Amendment deliberate indifference claim **shall proceed** against Wexford and against Dr. Robertson, Dr. Ippel, and Dr. Cabrera in their individual capacities.

This summary of claims includes all the viable claims identified by the Court. All other claims are dismissed. If Mr. Florence believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 9, 2020**, to identify those claims.

### IV.
### SUMMARY AND SERVICE OF PROCESS

Mr. Florence's Eighth Amendment deliberate indifference claim **shall proceed** against Wexford of Indiana, LLC and against Dr. Kenneth Robertson, Dr. Bruce Ippel, and Dr. Mark Cabrera in their individual capacities. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Wexford of Indiana, LLC, Dr. Kenneth Robertson, Dr. Bruce Ippel, and Dr. Mark Cabrera in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [11], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to serve Wexford of Indiana, LLC electronically. The individual defendants are identified as Wexford employees. If an individual defendant does not waive service, Wexford is **ORDERED** to provide the defendant's full name and last known address if it has such information. This information may be provided to the Court informally or may be filed *ex parte*.

**IT IS SO ORDERED**.

Date:     11/23/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

BURTON FLORENCE
973731
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic Service to Wexford of Indiana, LLC

DR. KENNETH ROBERTSON
New Castle Correctional Facility
Medical Employee
1000 Van Nuys Road
New Castle, IN 47362

DR. BRUCE IPPEL
New Castle Correctional Facility
Medical Employee
1000 Van Nuys Road
New Castle, IN 47362


DR. MARK CABRERA
New Castle Correctional Facility
Medical Employee
1000 Van Nuys Road
New Castle, IN 47362