UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BURTON FLORENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01429-SEB-MPB |
| | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| BRUCE IPPEL, | ) |
| MARK CABRERA, | ) |
| ALUMMI STAFFING, LLC, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Partial Summary Judgment for Defendant Alumni Staffing, LLC and Relinquishing Supplemental Jurisdiction on Medical Negligence Claim**

Indiana prisoner Burton Florence claims that Dr. Kenneth Robertson was deliberately indifferent to his serious medical need in violation of the Eighth Amendment and committed medical negligence according to Indiana law. Dr. Robertson is deceased and has been substituted in this action by his former employer, Alumni Staffing, LLC. There is no evidence that Dr. Robertson was deliberately indifferent to Mr. Florence's serious medical need. To the contrary, the undisputed expert testimony is that Dr. Robertson's treatment was appropriate and met the standard of care. Accordingly, Alumni Staffing's motion for summary judgment is **granted** as to the Eighth Amendment claim. Mr. Florence's Indiana medical negligence claim is **dismissed without prejudice**.

**I. Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Schools*, , 1017 (7th Cir. 2021). A "genuine dispute"

exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Factual Background

On May 4, 2018, Dr. Robertson saw Mr. Florence for a chronic care visit for his hyperlipidemia and benign prostatic hyperplasia ("BPH"). Dkt. 87-1, pp. 1-2. For the hyperlipidemia, Dr. Robertson noted that Mr. Florence had not had labs taken in over a year and ordered that labs be retaken. *Id.* at 1. The medical records from this visit do not state that Mr. Florence was experiencing abdominal pain, heartburn, or abnormal stools. *Id.* at 1-2. Dr. Robertson ordered a prescription for milk of magnesia[1] and terazosin.[2]

Labs were taken later that day after breakfast. *Id.* at 1, 3-4. In a section of the lab results labeled "Abnormals Summary," the lab results list a hemoglobin level of 13.1 and a hematocrit level of 38.5. *Id.* at 3. According to the lab results, the normal range of hemoglobin is 13.5 – 17.5, and the normal range of hematocrit is 41 – 53. *Id.* Thus, the lab results indicate that Mr. Florence's hemoglobin and hematocrit levels were low. *Id.*

---

[1] Milk of magnesia provides relief from constipation. https://www.phillipsdigestive.com/products/milk-magnesia/ (last visited August 9, 2022).
[2] Terazosin is used to treat high blood pressure. https://www.mayoclinic.org/drugs-supplements/terazosin-oral-route/description/drg-20066315 (last visited August 9, 2022).

In March 2019, Mr. Florence suffered a "Primary-acute upper gastrointestinal bleed" and was transported to a nearby hospital. *Id.* at 9. A pathologist determined that Mr. Florence had a bacterial infection (*H. pylori*), and Mr. Florence was given "quadruple antibiotic therapy." *Id.*

In the second amended complaint, Mr. Florence alleges that Dr. Robertson was deliberately indifferent to his serious medical need during the appointment on May 4, 2018. Dkt. 58-1. He claims that Dr. Robertson ignored the results of the lab test, which Mr. Florence believes indicated internal bleeding. *Id.* at paras. 7-10. Mr. Florence goes on to allege that the internal bleeding went untreated for 10 months, which caused the deterioration of his condition and the need for hospitalization. *Id.*

Alumni Staffing has submitted an affidavit from expert witness Dr. Christopher M. Zietlow, M.D, Ph. D. Dkt. 87-2. Dr. Zietlow reviewed Mr. Florence's medical records and provided opinions based upon his experience as a licensed internal medicine physician, including his experience practicing in correctional facilities. *Id.* para. 6. Dr. Zietlow states that Mr. Florence's medical records do not indicate that he had any "complaint such as abdominal pain, heartburn, or abnormal stools that would have been concerning for a gastrointestinal bleed." *Id.* at para. 8. Dr. Zietlow states that in analyzing lab test results for the possibility of a gastrointestinal bleed, "clinicians focus on the hemoglobin." *Id.* at para. 10. Regarding Mr. Florence's lab results, Dr. Zietlow opines:

> [H]is hemoglobin was on the low end of normal but not significantly different from two years prior. Mr. Florence's hematocrit was also on the low end of normal, but [hematocrit] is not used by clinicians [to detect a gastrointestinal bleed] due to too much variability. His MCV (mean corpuscular volume) and RDW (red cell distribution width) were also normal, which would lean toward stability. His BUN (blood urea nitrogen) was also normal, and an elevated BUN could be seen with an upper GI bleed had Mr. Florence actually had an active bleed at that time.

*Id.* at para. 10. Dr. Zietlow also stated, "In my expert opinion, Dr. Robertson did not violate the standard of care as Mr. Florence had no symptoms and the objective data did not warrant any more aggressive diagnostics or treatment. *Id.* at para. 13.

### III. Discussion

#### A. Eighth Amendment Claim

##### 1. Deliberate Indifference Standard

Because Mr. Florence is a convicted prisoner, his medical treatment is evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Eighth Amendment "protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain." *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). "To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 772, 727-728 (7th Cir. 2016) (en banc).

"A prison official is deliberately indifferent only if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837(1994)). This is a subjective test: "[t]he defendant must know of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference." *Id.*; *Petties*, 836 F.3d at 728. A court should

4

"look at the totality of an inmate's medical care when considering whether that care evidences deliberate indifference to serious medical needs." *Petties*, 836 F.3d at 728.

### 2. Analysis

There is no evidence that Dr. Robertson was deliberately indifferent to Mr. Florence's serious medical need. No evidence supports Mr. Florence's allegation that he was suffering from a gastrointestinal bleed at the time of his appointment on May 4, 2018. Nor is there evidence that his lab test results, which showed low levels of hemoglobin and hematocrit, were indicative of a gastrointestinal bleed or that Mr. Florence was at an imminent risk for a gastrointestinal bleed. Dr. Zietlow has provided undisputed expert testimony that Mr. Florence's lab results did not indicate an active gastrointestinal bleed and that the objective medical evidence did not warrant any more aggressive diagnostics. Dkt. 87-2, paras. 10, 13.

Mr. Florence argues that the lab results "should've suggested internal bleeding for someone with my medical history, or at least a need for another test, but despite this information, Dr. Robertson failed to act on what the results suggested." Dkt. 96, p. 7. There is no evidence that Mr. Florence has any medical training or that he is qualified to offer this expert opinion, and his speculation about what Dr. Robertson should have done in response to his lab test results does not create a triable issue of fact. *See* Fed. R. Civ. Proc. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Pyles*, 771 F.3d at 409 ("Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."). Accordingly, Alumni Staffing's motion for summary judgment on Mr. Florence's Eighth Amendment claim is **granted**.

### B. Medical Negligence

Alumni Staffing has not moved for summary judgment on Mr. Florence's Indiana medical negligence claim. *See* dkt. 75, p. 3 (order screening second amended complaint and allowing Mr. Florence's medical negligence claim to proceed against Alumni Staffing); *see generally*, dkt. 86 (Alumni Staffing's brief in support of summary judgment does not address the medical negligence claim). But because there is no longer a federal claim pending in this lawsuit against Alumni Staffing, the Court relinquishes supplemental over Mr. Florence's Indiana medical negligence claim against it.

The Court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Seventh Circuit has made clear that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and quotation marks omitted). Exceptions to the general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the

filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

The relevant factors weigh in favor of the Court following the "usual practice" in the Seventh Circuit and relinquishing supplemental jurisdiction. *Groce*, 193 F.3d at 501. The Court has not expended significant resources on the pending state-law claims. To the extent the parties have during discovery, which is not apparent from the record, those efforts can be duplicated in state court with relative ease. Relatedly, the Court decided the Eighth Amendment claim on the deliberate-indifference element, which is not at issue in the negligence claims. Finally, as always, comity favors allowing state courts to decide issues of state law.

Moreover, none of the exceptions to the usual practice of relinquishing supplemental jurisdiction apply here. The statute of limitations will not have run on Mr. Florence's state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). Substantial resources have not been expended on these claims, especially any that cannot simply be re-used in state court. Nor is it absolutely clear how the medical negligence claim should be decided, given that neither party has moved for summary judgment on that claim.

For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state-law claims.

## IV. Conclusion

Alumni Staffing's motion for summary judgment, dkt. [85], is **granted in part**. Mr. Florence's Eighth Amendment claim against Alumni Staffing is **dismissed**. The Court relinquishes supplemental jurisdiction over Mr. Florence's medical negligence claim against Alumni Staffing, and the medical negligence claim is **dismissed without prejudice**. Alumni Staffing's motion asking the Court to summarily grant its motion for summary judgment, dkt. [115], is **denied as moot**.

**IT IS SO ORDERED**.

Date: 08/25/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BURTON FLORENCE

8

973731
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Bryan Findley
CASSIDAY SCHADE LLP
bfindley@cassiday.com

Thomas Joseph Flynn
Eichhorn & Eichhorn, LLP
tflynn@eichhorn-law.com

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Blair Martin Roembke
EICHHORN & EICHHORN LLP (Indianapolis)
bmroembke@gmail.com

Michael Roth
EICHHORN & EICHHORN LLP (Indianapolis)
mroth@eichhorn-law.com